64  283<br>167s 291

# Supreme Lodge Knights and Ladies of Honor v. Julia Portingall and George W. Portingall by Mary O'Brien, their next friend.

1. PARTIES—*In Actions Under Beneficiary Certificates.*—Under a beneficiary certificate payable to children, naming them (three in number), upon the death of the mother, right of action accrues to the three children to sue jointly for the money, and one of the children dying, the action must be in the names of the survivors, whether the ultimate right to the money be with them or not. An executor or administrator of the deceased can not be joined nor sue alone for the share of his deceased.

2. INTEREST—*On Contracts Entered into Prior to the Act of 1891.*— The act of 1891, reducing the rate of interest from six to five per cent, does not affect contracts entered into prior to the time the act went into effect.

**Assumpsit,** on a beneficiary certificate. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. *Affirmed. Opinion filed* May 14, 1896.

ASHCRAFT, GORDON & COX, attorneys for appellant, contended that an action at law can not be maintained by an heir upon a chose in action. Hickox v. Frank, 102 Ill. 66; Neubrecht v. Santmeyer, 50 Ill. 74; Citizens Nat. Bank v.

284 APPELLATE COURTS OF ILLINOIS.

VOL. 64.] Supreme Lodge Knights & Ladies of Honor v. Portingall.

Dayton, 116 Ill. 262; Makepeace v. Moore, 5 Gilman 474; Dwight v. Newell, 15 Ill. 333; S. & C. Stat., Vol. 2, 879; McLean Co. Coal Co. v. Long, 91 Ill. 619; Leamon et al. v. McCubbin et al., 82 Ill. 263; People, etc., v. Brooks, 123 Ill. 246; 2 Williams on Executors, 863.

FRANCIS T. COLBY, attorney for appellees.

Where one of several infant joint owners of personal estate dies leaving no debts, and leaving the surviving infants his only heirs at law, and no administrator of his estate is appointed, the estate vests immediately in the survivors, and an action may be maintained in their names for its recovery. Lynch v. Rotan, 39 Ill. 15; McCleary v. Menke, 109 Ill. 294.

Where the heirs at law of an intestate whose debts have been paid receive his personal estate, his subsequently appointed administrator will not be permitted to recover or interfere with the estate. The People, use, etc., v. Abbott et al., 10 Ill. App. 64; McCleary v. Menke, 109 Ill. 294.

That a minor prosecutes a suit by next friend raises no presumption that there is no guardian. A minor having a guardian may still prosecute suit by next friend appointed for that purpose. R. S. Ill., Chap. 64, Sec. 18.

Creditors shall be allowed to receive at the rate of five per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument in writing. R. S. Ill., Chap. 74, Sec. 2.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The declaration is assumpsit upon a beneficiary certificate for $1,000 issued to Julia Portingall January 4, 1888, " which sum shall at her death be paid to children John S. Portingall, Julia Portingall, Geo. W. Portingall."

Julia, the mother, died October 26, 1889. John S. died August 28, 1892. No money has been paid.

The only question is, may these appellants recover $1,000?

When the mother died a right of action accrued to the

three children, on which the three could only sue jointly; neither alone for a third. Am. Cent. R. R. v. Miles, 52 Ill. 174.

And one dying, the action must be in the names of the survivors, whether the ultimate right to the money be with them or not. An executor or administrator of the deceased can not be joined; nor sue alone for the share of the deceased. 1 Ch. Pl., 11th Ed., 1828.

Whether the appellees have had a guardian to whom the money might have been safely paid, does not appear on this record, and no question can be made here on the assumption that there was no such guardian. By what arithmetic the counsel has found that the time from October 28, 1889, to January 25, 1896, was five years, one month, seven days, does not appear; in fact, as the contract was not affected by the statute of 1891 reducing the rate of interest from six per cent to five (Fireman's Fund Ins. Co. v. Western Refrigerating Co., 58 Ill. App. 329) the $310 allowed as interest is quite too little; but no cross-errors are assigned, nor did the appellees take any step in the Circuit Court to correct the error. The judgment is affirmed.